IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:07cr263 |
| | ) | |
| | ) | JUDGE HAYNES |
| KENNETH KENNEDY | ) | |

## MEMORANDUM

Before the Court are Defendant Kenneth Kennedy's motions to review the entire juror note (Docket Entry No. 261) and to interview jurors (Docket Entry No. 262), to which the Government filed a consolidated response (Docket Entry No. 263). Defendant's motion to interview jurors is based upon Defendant's contention that there was a "compromise verdict" based entirely upon a jury note.

The Government responds that Defendant has not alleged a legitimate basis to interview jurors and the interviews would violate Fed. Rule Evid. 606(b) and applicable Sixth Circuit precedent. Defendant's motion to review the note is based upon the Court's decision not to provide juror count information to the parties. The Government responds that the Court properly handled the jury note, citing United States v. Lash, 937 F.2d 1077, 1086-87 (6th Cir. 1991) (applicability of Allen charge when unsolicited note with numerical count) and United States v. Henry, 325 F.3d 93, 106 (2d Cir. 2003) (no abuse of discretion by redacting the existence and nature of jury split in juror note or by providing Allen charge).

As a brief background, on October 20, 2010, the Court received a note from the jury during deliberations. After all parties appeared in the courtroom, the Court read aloud the note

that said in substance that some jurors would not vote guilty. The Court also informed the parties that the note contained information about the numerical division of the jury, but the Court did not reveal this numerical information. The Court asked for objections to an Allen[1] charge and held a recess to review this charge. The Court recalled the jury and gave an Allen charge. (Docket Entry No. 254, Supplemental Jury Charge). The jury resumed deliberations and returned a verdict later that day. As is relevant here, the jury found Defendant Kennedy not guilty on Counts One through Four and guilty on Counts Five through Twelve of the Indictment.

As to inquiries of jurors, in United States v. Gonzales, 227 F.3d 520, 525 (6th Cir. 2000), the Sixth Circuit determined that a juror letter did not contain admissible evidence regarding the validity of the jury verdict. In holding that "the district court abused its discretion by granting [defendant] a new trial based on the wholly incompetent testimony of one juror," id. at 527, the Sixth Circuit explained the legal standards relating to juror inquiries as follows:

> Federal courts applying the common-law rule held the testimony of jurors incompetent to show (1) a compromise verdict, Hyde v. United States, 225 U.S. 347 (1912); (2) a quotient verdict, McDonald v. Pless, 238 U.S. at 264, 35 S.Ct. 783; (3) speculation about insurance coverage, Holden v. Porter, 405 F.2d 878 (10th Cir.1969); (4) misinterpretation of the court's instructions, Farmers Coop. Elevator Ass'n v. Strand, 382 F.2d 224 (8th Cir.), cert. denied, 389 U.S. 1014 (1967); (5) mistake in returning a verdict, United States v. Chereton, 309 F.2d 197 (6th Cir.1962), cert. denied, 372 U.S. 936 (1963); and (6) misinterpretation of the guilty plea of one defendant as implicating others. United States v. Crosby, 294 F.2d 928 (2d Cir.1961), cert. denied, 368 U.S. 984 (1962).
>
> Historically, a limited exception to the common law rule applied in cases where it was alleged that an "extraneous influence" affected the jury. . . Federal courts applied the "extraneous influence" exception to allow juror testimony regarding (1) statements made to the jury by a bailiff, Parker v. Gladden, 385 U.S. 363 (1966); (2) a juror's contact with a party during trial, Washington Gas Light Co. v. Connolly, 214 F.2d 254 (D.C.Cir.1954); and (3) a juror's contact with someone who suggested that the juror could profit by bringing in a verdict for the

---

[1] Allen v. United States, 164 U.S. 492 (1896).

defendant. Remmer v. United States, 347 U.S. 227 (1954). Absent evidence that fell into the narrow "extraneous influence" exception, federal courts adhered to the common-law rule against admitting juror testimony to impeach a verdict.

In 1972, the rule against impeachment of a verdict by juror testimony was codified in Federal Rule of Evidence 606(b). Rule 606(b) provides as follows:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

Fed.R.Evid. 606(b). The parties here agree, as they must, that Rule 606(b) applies to the situation presented in this case.

Rule 606(b) expressly bars juror testimony on three subjects: (1) "any matter or statement occurring during the course of the jury's deliberations;" (2) "the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment;" and (3) "the juror's mental processes in connection therewith." Fed.R.Evid. 606(b). The rule creates two exceptions, permitting juror testimony on two questions only: (1) "whether extraneous prejudicial information was improperly brought to the jury's attention," and (2) "whether any outside influence was improperly brought to bear upon any juror." Id.

Id. at 523-24.

Here, as to the juror interviews, this motion alleges there was a "compromise verdict." Yet, juror testimony is not admissible to show a compromise verdict. Gonzales, 227 F.3d at 523. Defendant's motion does not allege any extraneous prejudicial information or outside influence improperly brought to the jury's attention. Therefore, the Court concludes that interviewing

3

jurors about the verdict would not serve a legitimate purpose under Fed. R. Evid. 606(b). Accordingly, Defendant's motion to interview jurors (Docket Entry No. 262) should be denied.

As to reviewing the entire juror note, the Court informed all parties in open Court of the language in the note and the existence of jury count information, but not the numerical split. Thus, the Defendant had sufficient information to object to the Allen charge. Yet, the parties did not object to the Allen charge at trial and this motion does not object to the contents or use of the Allen charge.

Other Circuits have upheld the process the Court utilized in this action. In Henry, the district court received a similar note from the jury and elected not to reveal the exact numerical division to the attorneys, but gave an Allen charge. 325 F.3d at 105-07. The Second Circuit rejected the defendant's argument for review of the entire note, but the Circuit ruled that the trial court should have informed counsel that it was not revealing to disclose vote split. Id. The Second Circuit relied on United States v. Robinson, 560 F.2d 507, 511-12 (2d Cir. 1977), where the district court received two jury notes and revealed the general nature of the first note, but did not disclose the vote split cited in the note. Upon receipt of a second note, the district court sealed that note without informing counsel of any of its contents. There, the concurring and dissenting judges agreed that not revealing the vote split among jurors was proper. Id. at 524. (Oakes, J., dissenting) ("The trial court here should have revealed to counsel the substance of the juror's note, without disclosing the individual juror's name or the jury vote."). The Fifth Circuit is in accord. United States v. Warren, 594 F.2d 1046, 1049 (5th Cir. 1979) (district court did not err in failing to disclose the vote of the jury).

For these reasons, the Court concludes that it was not error to reveal only the existence of unsolicited numerical information and not the substance of the juror split. Accordingly, Defendant's motion to review entire juror note (Docket Entry No. 261) should be denied.

An appropriate Order is filed herewith.

Entered this the ___3rd___ day of December, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge